UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEANN M. SANBORN,                )
                                 )
         Plaintiff               )
                                 )
v.                               )    No. 2:10-cv-426-JAW
                                 )
PAUL F. PRUE,                    )
                                 )
         Defendant               )


## MEMORANDUM DECISION ON MOTION FOR ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS

The plaintiff in this action alleging sexual abuse seeks an attachment against the defendant in the amount of $150,000. Motion for Attachment and Attachment on Trustee Process ("Motion") (Docket No. 4) at 1. I grant the motion.

### I. Applicable Legal Standard

A party may move for attachment in this court "in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine[.]" Local Rule 64. "An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion shall be supported by affidavit . . . meeting the requirements set forth in subdivision (i) of this rule." Me. R. Civ. P. 4A(c). Subdivision (i) requires the affidavit to "set forth specific facts sufficient to warrant the required findings[.]" *Id*. (i).

Under Maine law, attachment and attachment on trustee process are available only for a specified amount, as approved by order of court, and only upon a finding that it is more likely

than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance shown to be available to satisfy the judgment. *Id*. (c), Maine R. Civ. P. 4B(c). There has been no showing in connection with the motion for attachment in this case that any liability insurance is available to satisfy the judgment sought.

## II. Factual Background

The plaintiff offers the following relevant factual allegations in support of the motion by her own affidavit.

The defendant is her grandfather. Affidavit of Leann M. Sanborn ("Plaintiff's Aff.") (Docket No. 4-1) ¶ 3. From the approximate age of 7 until she was 15, the plaintiff, now 22 years old, was physically sexually abused by the defendant. *Id*. ¶¶ 2, 4. When she was 9 or 10 years old, the plaintiff lived with the defendant and his wife for approximately one year. *Id*. ¶¶ 8-9. She disclosed the abuse to a school guidance counselor in 2003. *Id*. ¶ 14.

The Maine Department of Human Services investigated the abuse after this disclosure. *Id*. ¶ 16. In 2004, the defendant was indicted on 13 counts of unlawful sexual contact with the plaintiff and one other minor girl. *Id*. ¶ 18. The defendant pleaded guilty to 5 counts of assault and the charges of unlawful sexual contact were dismissed. *Id*. ¶ 20. The defendant served less than 6 months in jail and thereafter completed probation. *Id*. ¶ 23.

As a result of the abuse, the plaintiff has suffered significant mental health problems, educational problems, substance abuse, sleep disorders, and impairment to her earning capacity. *Id*. ¶ 27. She has been in counseling and will need ongoing medical intervention and therapy. *Id*. ¶ 28. She has no health insurance and has been unable to seek treatment for approximately the past two years. *Id*. ¶ 30.

The defendant does not directly deny the plaintiff's allegations of abuse. Rather, he asserts that she only lived in his residence "for a few weeks," Declaration of Paul F. Prue ("Defendant's Decl.") (Docket No. 10-1) ¶ 11; that she accused others of sexually abusing her, *id*. ¶ 22; that when he was charged with gross sexual assault he "maintained [his] innocence at all times[,]" *id*. ¶ 28; and that he pleaded guilty to assault because he could become a convicted felon and face up to ten years in jail if he went to trial, he was in poor health and his wife relied on him to take care of her, and going to trial would be expensive, but he never intended "to plead guilty to any charge that involved touching of a sexual nature," and did not do so, *id*. ¶¶ 30-31.

### III. Discussion

The complaint in this case alleges the following counts: assault (Count I), battery (Count II), false imprisonment (Count III), intentional infliction of emotional distress (Count IV), and negligent infliction of emotional distress (Count V). Complaint and Demand for Jury Trial ("Complaint") (Docket No. 1) at 4-6. It also seeks punitive damages (Count VI). *Id*. at 7. The defendant pleaded guilty to five counts of assault. Judgment and Commitment (Docket No. 1-3) at 1. The Maine statute cited in the Judgment and Commitment provides as follows, in relevant part:

> A person is guilty of assault if:
>
> **A.** The person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person. Violation of this paragraph is a Class D crime[.]

17-A M.R.S.A. § 207(1)(A).

The complaint alleges in Count I that the defendant intended to subject the plaintiff to harmful or offensive contact, that he caused her to apprehend such contact, and that she suffered damages as a result. Complaint ¶¶ 32-35. In Count II, the complaint alleges that the defendant

3

intended to and did cause harmful or offensive bodily contact to the plaintiff which caused her to suffer damages. *Id*. ¶¶ 37-40. These allegations certainly appear to be within the scope of the statute. This is sufficient to support an attachment, given what is presented in the plaintiff's affidavit and what is missing from the defendant's. *Jacques v. Brown*, 609 A.2d 290, 292 (Me. 1992).

The defendant contends that his plea will be inadmissible at trial, making it unavailable as a basis for attachment. Defendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process ("Opposition") (Docket No. 10) at 5-7. However, this argument rests on Federal Rule of Evidence 609(a), *id*. at 6, which is not applicable in this context. Here, the plaintiff does not seek to use the fact of the plea "[f]or the purpose of attacking the character for truthfulness of a witness[,]" which is the stated subject matter of the rule. Rather, she seeks to use the fact of the plea as it was used in *Jacques*, to establish a fact otherwise at issue in the instant case.

The defendant next asserts that *Jacques* cannot be used as authority in this case because the defendant in that case pleaded guilty to a felony, while he pleaded guilty only to a misdemeanor. *Id*. at 7. He cites no authority for this proposition, and I am aware of none. Indeed, the available authority is to the contrary. *E.g., Arellano v. Nieves*, 911 F.2d 737 (table), 1990 WL 121289, at *2-*3 (9th Cir. Aug. 17, 1990) (explication of circumstances under which misdemeanor conviction will estop relitigation of issue in subsequent civil trial); *Franklin v. Thompson*, 981 F.2d 1168, 1170-71 (10th Cir. 1992) (conditions under which misdemeanor conviction estops challenge to legality of arrest in subsequent civil action); *United States v. In*, No. 2:09CR00070 DS, 2010 WL 2869108, at *2 & n.5 (D. Utah July 20, 2010). In addition, the type of criminal penalty involved played no part in the Maine Law Court's analysis in *Jacques*.

Finally, the defendant argues that the plaintiff cannot establish an "accurate assessment" of her damages due to her "history of making false allegations of sexual abuse" and the factual defenses he alleges. Opposition at 8-9. The plaintiff's first response is an assertion that the factual allegations supporting these arguments may not be considered by the court because the defendant submitted them in "unsworn declarations." Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process ("Reply") (Docket No. 15) at 5. This argument is incorrect.

The defendant's declaration (Docket No. 10-1), like those of Betty Prue (Docket No. 10-2), Paula McCorrison (Docket No. 10-3), and Doreen Norton (Docket No. 10-4), which are all of the declarations or affidavits submitted by the defendant in connection with this motion, includes the following final paragraph:

> Pursuant to 28 U.S.C. § 1746 and Maine Rule of Civil Procedure 4A(i), I state under penalty of perjury that the information set forth above is true and correct, based upon my personal knowledge, information and belief; and, so far as upon information and belief, I believe the information to be true.

Under 28 U.S.C. § 1746,

> [w]herever . . . any matter is required or permitted to be supported . . . or proved by the sworn declaration, . . . statement, oath, or affidavit . . . such matter may, with like force and effect, be supported . . . or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> * * *
> **(2)** If executed within the United States . . . : "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)"

The final paragraph of each of these declarations complies with this statute. Thus, while technically unsworn, the declarations provide information fully as reliable for purposes of the pending motion as they would have been had they been sworn affidavits.

On the merits of this argument, the Law Court has said, in a case in which, like the instant case, the plaintiff claimed emotional distress damages, and the immediate issue was whether it was more likely than not that the plaintiff would prevail in the amount of $100,000 or more, that "[i]n cases involving dignatory torts, such as . . . intentional infliction of emotional distress, evidence of a plaintiff's mental suffering is sufficient to support a substantial compensatory damage award." *Vogt v. Churchill*, 679 A.2d 522, 524 (Me. 1996). The Law Court observed:

> Claims involving injury to one's dignity are, by their very nature, not susceptible to quantification by expert testimony or any other firm of evidence. In such cases, the fact finder at trial must decide what dollar amount will appropriately and fairly compensate the plaintiff for her injury. In the context of a motion for an attachment, the court must determine what kind of damage outcome is more probable than not, based on its experience with jury awards and the nature of the emotional distress described in the affidavits.

*Id*.

The emotional injuries described in the plaintiff's affidavits, Plaintiff's Aff. ¶¶ 27-29; Supplemental Affidavit of Leann M. Sanborn (Docket No. 15-1) ¶¶ 7-11, are similar to those recounted in *Jacques*, 609 A.2d at 292, where the Law Court, in 1992, upheld an attachment in the amount of $100,000. Based on this court's experience with jury awards in similar cases and the nature of the emotional distress described by the plaintiff, I conclude that she has demonstrated that it is more likely than not that she will recover an amount equal to or greater than $150,000 in this action.

6

## IV. Conclusion

Accordingly, the motion for an attachment in that amount is **GRANTED**.[1]

Dated this 29th day of December, 2010.

                                                               /s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] Citing 14 M.R.S.A. § 2601 and Me.R.Civ. P. 4B(a), the defendant contends that attachment on trustee process is not available to the plaintiff in any event. Opposition at 10. The statute makes trustee process unavailable "[i]n connection with the commencement of any personal action . . . only for . . . assault and battery." 14 M.R.S.A. § 2601. The instant action is not *only* for assault and battery; the complaint also asserts claims for false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. Complaint at 5-6. In these circumstances, use of trustee process is not prohibited. *E.g., Calvert v. Corthell*, 599 A.2d 69, 72 (Me. 1991).