UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEANN M. SANBORN,                )
                                 )
        Plaintiff                )
                                 )
v.                               )    No. 2:10-cv-426-JHR
                                 )
PAUL F. PRUE,                    )
                                 )
        Defendant                )

# MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION[1]

The defendant seeks reconsideration of my decision granting the plaintiff's motion for an attachment in the amount of $150,000.00. He contends that my earlier decision is "clearly erroneous" because I erred in observing that he did not directly deny the plaintiff's allegations and because I "failed to properly credit the discrepancies between [his] plea to one count of simple assault . . . and Plaintiff's numerous allegations in the instant case[.]" Motion at 2-3. I deny the request.

In support of his argument on the first point, the defendant proffers the affidavits of his wife and his granddaughter that the plaintiff's allegations "are absolutely untrue." *Id*. at 2. Neither affiant asserts, however, that she was always present when the plaintiff and the defendant were together when the plaintiff was a child. Neither has, therefore, shown that she could have had the personal knowledge to make such a sweeping statement. And, while it is true that the defendant's own affidavit includes the statement that "[t]he allegations made against me by

---

[1] The motion at issue was filed on January 12, 2011, and entitled Defendant's Objection to the Magistrate's Decision on Plaintiff's Motion for Attachment ("Motion") (Docket No. 23). On January 31, 2011, the parties consented to my jurisdiction over all further proceedings in this case. Docket No. 30. I, therefore, consider the objection as a motion for reconsideration of my earlier decision (Docket No. 18).

1

Leann Sanborn are absolutely untrue," Declaration of Paul F. Prue ("Defendant's Decl.") (Docket No. 10-1) ¶ 3, as I noted in my initial decision, Memorandum Decision on Motion for Attachment and Attachment on Trustee Process (Docket No. 18) at 3, what I find significant is that, after making this conclusory statement, the defendant's positive factual assertions address only peripheral matters regarding, *inter alia*, the circumstances of the plaintiff's stay at his residence and his guilty plea to assault.

Furthermore, even if my observation were incorrect, the defendant's assertion that he "maintained [his] innocence at all times[]" when he was charged with gross sexual assault, Defendant's Decl. ¶ 28, does not and cannot override the legal effect of his guilty plea to a charge of simple assault arising out of the same conduct that gives rise to the plaintiff's claims. The "discrepancies" cited by the defendant between his guilty plea to a charge of simple assault and the plaintiff's allegations of sexual assault in this case are not determinative of the motion for attachment.

As noted in my Memorandum Decision, attachment is available upon a finding that it is more likely than not that the plaintiff will receive judgment in an amount equal to or greater than the sum shown to be available to satisfy the judgment. Memorandum Decision at 1-2. There is no requirement that it is more likely than not that a plaintiff will prevail on *all* of the claims asserted in her complaint in order to be entitled to a pre-judgment attachment under Maine law; she need only show that it is more likely than not that she will recover on at least *one* of her claims. Here, as I noted in my initial decision, the plaintiff has alleged an assault without any sexual element in Count I of her complaint, arising out of the same facts as those that underlay the criminal charge, and that is precisely the charge to which the defendant pled guilty. The plea alone is sufficient to establish the necessary likelihood of success on Count I.

The defendant also reasserts the arguments that he made with respect to the amount of the attachment sought in opposing the original motion for attachment.  *Compare* Motion at 6-7 *with* Defendant's Objection to Plaintiff's Motion for Attachment and Attachment on Trustee Process (Docket No. 10) at 8-10.  He has not demonstrated any "clear error" in my earlier decision on this point nor that the decision was contrary to law.

For the foregoing reasons, the motion for reconsideration is **DENIED.**

Dated this 7th day of February, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge